UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JOSHUA T. HAMMOND, | ) | |
| Petitioner, | ) ) | No. 3:18-CV-1-DLB-HAI |
| v. | ) ) | RECOMMENDED DISPOSITION |
| DON BOTTOM, Warden, | ) ) | |
| Respondent. | ) ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On January 4, 2018, the Court ordered petitioner Joshua Hammond to file, on or before Monday, February 5, 2018, "a brief addressing whether there exists good cause to stay this matter and whether his pending appeal is plainly meritless." D.E. 4. The Court warned that failure to do so "will result in a recommendation of dismissal." *Id*. This is that recommendation.

On January 3, 2018, state prisoner Joshua Hammond, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E 1), followed by an accompanying memorandum (D.E. 3). According to the petition and accompanying documents, Hammond was convicted by a Kentucky jury in 2014 of one count each of first-degree robbery, first-degree assault, reckless homicide, and tampering with physical evidence. D.E. 1 at 1. Between conviction and sentencing, Hammond and the Commonwealth reached a sentencing agreement that avoided sentencing by jury. D.E. 1-1 at 1. The Franklin Circuit Court accepted the agreement and sentenced Hammond to 25 years. *Id*. Hammond appealed to the Kentucky Supreme Court, which in December 2016 reversed the assault conviction. *Id*. at 13-14. The Supreme Court otherwise affirmed the convictions, and remanded for resentencing. *Id*. at 24.

Hammond's new judgment, entered in October 2017, again imposed a 25-year sentence. D.E. 1-2.

On November 22, 2017, Hammond filed an appeal of his new judgment with the Kentucky Supreme Court (case number 2017-SC-629). D.E. 1-2. Hammond alleges in his new state appeal that he was improperly denied the right to sentencing by jury. *Id*. This appeal remains pending and has not yet been briefed. D.E. 1 at 4.

Hammond's petition raises the same issues contained in his original appeal, along with the issue raised in his pending appeal. D.E. 1 at 5, 7, 8. Accordingly, the issue raised in his pending appeal (violation of his right to a jury at the penalty stage) is not yet exhausted. *See id*. at 3. Hammond's petition is a mixed petition, containing both exhausted and unexhausted claims.

A federal court cannot entertain a habeas corpus petition that contains unexhausted claims. 28 U.S.C. § 2254(b)(1). The Sixth Circuit has instructed that "ordinarily, a district court should stay . . . unexhausted claims pending exhaustion rather than dismiss them without prejudice." *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). District courts confronted with a mixed petition containing potentially meritorious unexhausted claims ordinarily "should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition without prejudice." *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012) (quoting *Banks v. Jackson*, 149 F. App'x 414, 421 (6th Cir. 2005)).

The Supreme Court has upheld district courts' discretion to stay mixed petitions pending exhaustion, but only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

"Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

"It [is] Petitioner's burden to demonstrate to the district court that he had good cause for failing to exhaust his claims in state court, [and] that his unexhausted claims were not plainly without merit." *Sueing*, 503 F. App'x at 357; *accord Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).

Hammond does not explain why he filed this petition prior to exhausting his state remedies.[1] Nor does he provide any reason for the Court to find his unexhausted claim is not plainly meritless. His filings contain little insight into the merits of his claims and reference no case law. All he states concerning his pending state claim is that he plans to argue: "[A] Bifurcated Penalty Stage should be permitted before a jury. The Plea Bargain at first trial was incorrect." D.E. 1 at 3. His Notice of Appeal, filed along with his habeas petition, is similarly vague: "the issue that is to be presented involves the Agreement of Defendant with the Commonwealth at Jury Trial, as to the waiving of the Jury Sentencing phase in exchange for the original Judgment." D.E. 1-2 at 2.

This Court provided Hammond, who is at least nominally represented by counsel, until February 5 to provide this Court a basis for staying his petition rather than dismissing it. D.E. 4. Hammond has not done so. Accordingly, the undersigned **RECOMMENDS** that the Petition

---

[1] In the section labeled "Ground Three," Hammond states,

> There is a legitimate cause (Jury Trial penalty stage, plea bargain), for the Defendant to file this Federal proceeding as the Defendant is prejudiced by not being permitted to address the time factor of length of conviction. Had the Defendant been permitted and knowledgeable that Assault was to be dismissed his sentence could have been up to 10-20 years plus 5 years, and if received a jury penalty of less years could have been parole eligibility difference.

D.E. 1 at 8. It is not clear whether this paragraph is intended to address the issues at hand, and Hammond did not seize the opportunity to clarify.

(D.E. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the exhaustion requirement of 28 U.S.C. § 2254(b).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 14th day of February, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge